UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBBIN EGAN,

                           Plaintiff,

        -v-

JOHN KENNEDY, Assigned Counsel
Administrator, and   THE COUNTY
OF ONTARIO,

                           Defendants.

_____

DECISION AND ORDER

04-CV-6626 CJS

APPEARANCES

For Plaintiff:              Robbin Egan, *pro se*
                                5895 Brentwood Drive
                                McAlester, Oklahoma 74501

For Defendants:           Office of the Ontario County Attorney
                                Michael G. Reinhardt, Esq.
                                  Assistant County Attorney
                                  27 North Main Street, Fourth Floor
                                  Canandaigua, New York 14424

                                  John R. Kennedy, Esq., *pro se*
                                  66 North Main Street
                                  Canandaigua, New York 14424

INTRODUCTION

      This is an action pursuant to 42 U.S.C. § 1983, in which Plaintiff Robbin Egan ("Plaintiff") alleges that Defendants violated her Fourteenth Amendment rights by failing to provide her with assigned criminal defense counsel, which resulted in her detention prior to trial.  Now before the Court are Defendants' motions [#15] [#20] to dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(6) and 4(m) of the Federal Rules of

Civil Procedure ("FRCP").  For the reasons that follow, John Kennedy's application [#20] is granted, and the County of Ontario's application [#15] is denied.

BACKGROUND

On April 11, 2005, Plaintiff filed her Second Amended Complaint [#7].   On November 21, 2005, the Court issued a Decision and Order [#8], which dismissed most of the claims in the Second Amended Complaint ("the Complaint"), and dismissed all named defendants except John Kennedy ("Kennedy") and the County of Ontario.  The Court ruled that certain claims in the Complaint, comprising portions of the First, Second, Fifth and Sixth causes of action, could proceed.  Specifically, the Court stated:

> [P]laintiff's claims alleging a violation of her Fourteenth Amendment rights by unlawful detention and by an Ontario County policy of denying indigent criminal defendants access to counsel in order to deprive them of the opportunity to assert their entitlement to release may go forward.  Plaintiff alleges that these constitutional violations are attributable to John Kennedy as Ontario County Assigned Counsel Administrator, and to policy determinations in Ontario County, for which a local government such as Ontario County may be held liable under § 1983.  *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 694 (1978).

(Decision and Order [#8] at 8-9).  All other claims in the Complaint were dismissed.

In support of the surviving claims, Plaintiff alleges that she was held in the Ontario County Jail from October 9, 2001, until October 25, 2001, without a pretrial hearing.  Plaintiff further alleges that, during this sixteen-day period, she repeatedly attempted to contact Kennedy, to request assigned counsel to represent her, and that Kennedy failed to provide her with representation.  Plaintiff maintains that if she had been provided with an attorney, she could have been released as early as October 15, 2001, since she had not been provided with a hearing as required by New York Criminal Procedure Law ("CPL")

§ 180.80. (*See*, Complaint ¶ 78);(*See also*, Complaint ¶ 151) (Alleging that she was "absolutely entitled to be released from custody on her own recognizance at or about five o'clock p.m. on 15 October 2001."). Additionally, Plaintiff alleges that Ontario County has a policy of depriving indigent defendants of their right to counsel. On October 25, 2001, Plaintiff retained her own attorney, who obtained Plaintiff's release from jail. (Complaint ¶ 156).

Because Plaintiff was granted leave to proceed *in forma pauperis* in this action, the Court ordered that service of the Complaint would be performed by the U.S. Marshal. (Decision and Order [#8] at 9-10). However, the Marshall did not effect service within the time specified in FRCP 4(m), and the Court twice extended the time for such service. (See, Orders [#10], [#14]). On May 21, 2007, the Court issued the second such order, extending the time for service by ninety days. The Marshal did not effect service within ninety days, and instead, completed service on December 18, 2007. (Affidavits of Service [#16][#17]).

Subsequently, Defendants filed the subject motions to dismiss. Defendants contend that the Complaint must be dismissed because service was not completed within the time established by FRCP 4(m). Alternatively, Defendants contend that the Complaint must be dismissed for failure to state a claim, since this action was commenced beyond the applicable statute of limitations. In opposition [#21], Plaintiff maintains that service should be deemed timely, and that the reason service was not effected sooner was because Defendants were attempting to evade service. Plaintiff does not address Defendants' alternative argument regarding the statute of limitations.

DISCUSSION

At the outset, the Court denies Defendants' motion to dismiss the action pursuant to FRCP 4(m).  In that regard, the *pro se*, indigent Plaintiff was relying upon the Court and the U.S. Marshal to effect service.  Moreover, although service was technically made beyond the last deadline set by the Court, the Court finds that there is good cause to extend the deadline.  Accordingly, the deadline for service is extended to December 18, 2007, *nunc pro tunc*.

The Court will now consider Defendants' alternative basis for dismissal, under FRCP 12(b)(6).  As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126,  — U.S. —, 127 S.Ct. 1955, 1964-65 (May 21, 2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual

4

allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)   When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).[1]

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and such claims have a three-year statute of limitations. *Zapata v. City of New York*, 502 F.3d 192, 194 n. 3 ("In section 1983 actions [within New York], the applicable limitations period is ... three years.") (*quoting Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir.2002)).

The statute of limitations is an affirmative defense, and on a motion to dismiss pursuant to such defense, the defendant has the burden of demonstrating, based on the allegations in the complaint, that the claim is untimely:

> When a defendant attempts to use the statute of limitations as an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued.  If the defendant meets this burden, then the plaintiff has the burden to show that the limitations period should be tolled.  A motion to dismiss on the basis that a claim is time-barred may only be granted when the allegations of the complaint make clear that the claim is barred by the limitations period.

---

[1]"In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. . . . In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.  In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

*Omollo v. Citibank, N.A.*, No. 07 Civ. 9259(SAS), 2008 WL 1966721 at *3 (S.D.N.Y. May 6, 2008) (footnotes and internal quotation marks omitted).  "Generally, a federal claim accrues when the person knows or has reason to know of the injury that is the basis of his action." *Thompson v. City of Mount Vernon*, No. 93 CIV. 4788 (LAP), 1994 WL 561253 at *1 (S.D.N.Y. Oct. 12, 1994) (citations omitted).  However,

> [s]ince an actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipality's 'policy or custom,' *see Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county 'policy or custom.'

*Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995).

Here, upon applying the foregoing legal principles, the Court finds that the claim against Kennedy is clearly time-barred.  In that regard, Plaintiff was aware of her alleged injury by Kennedy no later than October 25, 2001.  Since this action was commenced more than three years after that date, the claim against Kennedy is time-barred.  However, as to the claim against Ontario County, it is not clear that the claim is time-barred, since the Complaint does not indicate when Plaintiff became aware, or should have become aware, of the alleged county policy to deny representation to indigent defendants.  Accordingly, the County of Ontario's motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, Defendant Kennedy's motion to dismiss [#20] is granted, with prejudice, and the County of Ontario's motion to dismiss [#15] is denied.  By separate Order the Court will refer this case to a United States Magistrate Judge, who will conduct

6

a scheduling conference and oversee discovery and all other non-dispositive pre-trial matters.  Upon receipt of such Referral Order, the parties shall contact the designated Magistrate Judge to request a scheduling conference.

      SO ORDERED.

Dated:      October 16, 2008
             Rochester, New York

                   ENTER:


                  /s/ Charles J. Siragusa
                  CHARLES J. SIRAGUSA
                  United States District Judge