UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBBIN WHITELAW,
*f/k/a Robbin Egan*

           Plaintiff

    v.

THE COUNTY OF ONTARIO,

           Defendant.

04-CV-6626CJS(Fe)
REPORT AND RECOMMENDATION

### Preliminary Statement

On December 23, 2004, plaintiff commenced this action pursuant to 42 U.S.C. § 1983. (Docket # 1). On April 11, 2005, plaintiff filed her third amended complaint,[1] therein alleging, *inter alia*, that defendant County of Ontario violated her constitutional rights by failing to timely provide her with assigned criminal defense counsel which resulted in her "unlawful" detention prior to trial. (Docket # 7). Specifically, plaintiff alleges that she was held in the Ontario County Jail from October 9, 2001 through October 25, 2001 without a pre-trial hearing, that her repeated requests for assigned counsel went ignored, and that if she had been provided with an attorney she could have been released as early as October 15, 2001. Plaintiff asserts that

---

[1] On January 7, 2005, plaintiff filed her first amended complaint, and on March 24, 2005, plaintiff filed her second amended complaint. See Dockets ## 3, 5.

Ontario County has a policy of depriving indigent criminal defendants of their right to counsel. Currently pending before the Court is plaintiff's motion for leave to file an amended complaint (Docket # 29).

**Procedural Background**

The November 21, 2005 Decision and Order: On November 21, 2005, the Court (Siragusa, J.) issued a Decision and Order (Docket # 8) which dismissed most of the claims in plaintiff's Amended Complaint (Docket # 7) and dismissed all named defendants except for John Kennedy and the County of Ontario. Judge Siragusa's Decision and Order also dismissed all claims[2] in the Amended Complaint except for the Fourteenth Amendment claims that pertained to plaintiff's allegations that she "was unlawfully detained, without either a preliminary hearing or an indictment, that she otherwise had her pre-trial liberty restrained without the requisite procedural protections, and that she was denied counsel during her pre-trial detention." See Docket # 8 at p. 8. The Court held that only "plaintiff's claims alleging violation[s] of her Fourteenth Amendment rights by unlawful detention and by an Ontario County policy of denying indigent criminal defendants

---

[2] Specifically, the Court dismissed her Fourth Amendment claims, excessive bail claims under the Eighth Amendment, and her right to privacy claims. See Docket # 8 at pp. 5-8.

2

access to counsel in order [to] deprive them of the opportunity to assert their entitlement to release may go forward." Id.

The October 17, 2008 Decision and Order: On October 17, 2008, Judge Siragusa issued a Decision and Order (Docket # 23) which dismissed defendant John Kennedy from the action, and denied defendant Ontario County's motion to dismiss (Docket # 15). With its motion to dismiss (Docket # 15), defendant County of Ontario argued, *inter alia*, that the Complaint should be dismissed because the action was commenced beyond the applicable three-year statute of limitations. (Docket # 15). The Court held that "it is not clear that the claim is time-barred, since the Complaint does not indicate when Plaintiff became aware, or should have become aware, of the alleged county policy to deny representation to indigent defendants." See Docket # 23 at p. 6. Judge Siragusa then referred the instant action to the undersigned to conduct a scheduling conference and to oversee discovery and all other non-dispositive pre-trial matters. Id. at pp. 6-7.

The Pending Motion to Amend: On December 3, 2008, the Court held a scheduling conference and issued a revised scheduling order (Docket # 27). Pursuant to the Court's revised scheduling order, motions to join other parties and to amend the pleadings were due by December 15, 2008. (Docket # 27). On December 18, 2008, plaintiff filed the instant motion to amend (seeking permission to

3

file a fourth amended complaint. (Docket # 29).³ Plaintiff maintains that the proposed amended complaint "will serve to streamline the issues and make less confusing the nature of the causes of action permitted to go forward." See Affidavit of Robbin Whitelaw (hereinafter "Whitelaw Aff.") annexed to Docket # 29 at ¶ 10.

The proposed amended complaint asserts three causes of action solely against defendant County of Ontario. See Proposed Amended Complaint annexed to Docket # 29. With the first cause of action, plaintiff alleges that defendant deprived her of her "Sixth Amendment right to the appointment of counsel for 17 days, thereby resulting in denial of her statutory right to a timely preliminary hearing pursuant to New York Criminal Procedure Law § 180.80, and thus her unlawful imprisonment, in violation of her Fifth and Fourteenth Amendment Due Process rights." See id. at p. 8. With her second cause of action, plaintiff alleges that defendant subjected her "to unlawful conditions of her eventual release to the Ontario County pretrial release program, which were violative of her rights guaranteed by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments." Id. at p. 11. With her third cause of action, plaintiff alleges that defendant "created, caused

---

³ Although the instant motion appears to have been filed on December 18, 2008, plaintiff's motion papers are dated December 12, 2008. (Docket # 29). The Court deems plaintiff's motion timely.

4

to be created, or acquiesced to the creation of, an unlawful policy requiring that certain accused criminal defendants agree to the compiling of a 'pre-plea investigation report' violative [of] plaintiff's and others' rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments." Id. at p. 13.

In opposition to the instant motion, defendant contends that plaintiff's motion should be denied because "it adds claims previously dismissed; expands claims beyond areas where this Court stated she may go forward ... expands claims beyond the last amended complaint; and continues to camouflage the dates of which the claim accrued, all thereby prejudicing defendants." See Affirmation of Michael G. Reinhardt, Esq. (Docket # 30) at ¶ 20. Defendant maintains that plaintiff should not be permitted to amend her complaint to add claims pursuant to the First, Fourth, Fifth, Sixth, Eighth and Ninth Amendments because the Court has already dismissed plaintiff's claims under said Amendments and has "only permitted her Fourteenth Amendment claims to go forward." Id. at ¶¶ 21-22. Defendant asserts that with the instant motion plaintiff is attempting to "expand her complaint with constitutional claims and allegations that extend well beyond" what the Court previously permitted her to do. Id. at ¶ 23.

## Report and Recommendation[4]

"A district court has broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000). Pursuant to Rule 15(a)(2), leave to amend a pleading should be freely granted, absent a showing of "excessive delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000). However, if the claims plaintiff seeks to bring in her amended complaint have previously been dismissed by Judge Siragusa, then leave to amend should be denied. See Deal v. Seneca County, No. 07-CV-6497, 2009 WL 497633, at *3 (W.D.N.Y. Feb. 26, 2009)(denying plaintiffs' motion to amend with respect to the claims the court previously dismissed). My review of Judge Siragusa's November 18, 2005 Decision (Docket # 8) causes me to conclude that plaintiff's motion to amend should be denied in part and granted in part.

Proposed First Cause of Action: Plaintiff's first cause of action is essentially a restatement of the claim made in her previous complaint that her constitutional rights were violated when she was (1) detained in the Ontario County Jail from October 9, 2001 to October 25, 2001, and (2) denied access to counsel and

---

[4]This Court generally issues a Decision and Order when a motion to amend is granted and a Report and Recommendation when a motion to amend should be denied because of the dispositive effect of denying the inclusion of a claim. In this case, however, because I believe plaintiff's motion should be granted in part and denied in part, the Court has elected to issue its entire opinion by Report and Recommendation.

6

thus the opportunity to assert her right to pretrial release. Indeed, in support of her motion to amend, plaintiff states that the only "substantial difference" between her proposed first cause of action and her previous complaint "is that the proposed amended complaint alleges additional constitutional amendment violations based on the same facts." See Plaintiff's Reply (Docket # 32) at ¶ 10.

"[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific <u>allegations of fact</u> which indicate a deprivation of constitutional rights." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987)(emphasis added). Judge Siragusa has reviewed the factual allegations underlying plaintiff's pretrial detention and found they give rise to a potential constitutional violation -- a violation of the plaintiff's right to due process under the Fourteenth Amendment. Plaintiff's proposed amended complaint, however, alleges the defendants' actions also violated her Sixth Amendment right to counsel and her Fifth Amendment right to due process. As to the Sixth Amendment claim, Judge Siragusa specifically allowed plaintiff to go forward on her claim that the defendant had a "policy of <u>denying indigent criminal defendants access to counsel</u> in order to deprive them of the opportunity to assert their entitlement to release." Docket # 8 at p. 8 (emphasis added). I find that the language of Judge Siragusa's

7

decision clearly implicates plaintiff's Sixth Amendment right to counsel and defendants will suffer no prejudice from defending a Sixth Amendment claim. Whether plaintiff will be able to prove the alleged policy violated her Sixth Amendment right of access to her lawyer remains to be seen. But at this juncture, the amendment should be permitted.

Plaintiff's proposed Fifth Amendment claim, however, is futile. The Fifth Amendment Due Process Clause "appl[ies] to and restrict[s] only the Federal Government." Public Utils. Comm'n v. Pollack, 343 U.S. 451, 461 (1952). Because plaintiff alleges that her pretrial detention was the result of actions of a local government and not the federal government, the Fifth Amendment does not apply. See Ochoa v. City of West Haven, No. 3:08-cv-0024 (WWE), 2008 WL 4426960, at *2 (D. Conn. Sept. 26, 2008)("The Fifth Amendment only applies to the federal government and cannot provide a cause of action for the plaintiffs' claims of deprivation of due process of law by municipal actors.").

Proposed Second and Third Cause of Action: I find that the substance of plaintiff's second and third causes of action were dismissed by Judge Siragusa and may not be resurrected at this time. Plaintiff's proposed second cause of action alleges that when she was released on bail her constitutional rights were violated because the bail conditions imposed were unlawful. Plaintiff alleges that the bail conditions restricted her "freedom

8

of choice," forced her to "sacrifice her right of privacy," forced her to allow agents of the defendant access to confidential medical and mental health records and forced her to disclose "inculpatory evidence." See Proposed Amended Complaint annexed to Docket # 29 at pp. 11-12. These claims were specifically addressed in Judge Siragusa's November 18, 2005 Decision and dismissed with prejudice.[5] See Docket # 8 at pp. 7-8.

Plaintiff's proposed third cause of action is similar to her proposed second cause of action in that it alleges that the defendant violated her constitutional rights by imposing as a condition of pretrial release a requirement that she consent to an interview in which she was forced to make inculpatory statements that were later used against her. See Proposed Amended Complaint annexed to Docket # 29 at pp. 13-16. Again, however, these claims were described by Judge Siragusa in his November 18, 2005 Decision and were encompassed in his dismissal order.[6]

---

[5] However, Judge Siragusa also specifically held that while plaintiff's claim of unconstitutional bail conditions do not constitute an "independent" cause of action, they may be relevant to the constitutional claim upon which plaintiff may proceed. See Docket # 8 at p. 8.

[6] In describing plaintiff's claims, Judge Siragusa wrote: "Further, she asserts that defendants imposed the constraints based on an improper review of her pre-pleading and pre-sentencing statements, in violation of state statutes. Additionally, she alleges that she was required to give incriminating statements in order to obtain and maintain her freedom." Docket # 8 at p. 3. A reading of Judge Siragusa's Decision confirms that constitutional claims based on these factual allegations were dismissed with prejudice.

### Conclusion:

It is my Report and Recommendation that plaintiff's motion to amend (Docket # 29) be **granted in part and denied in part**. I recommend that plaintiff's proposed amended complaint be filed and that the defendant file an answer to plaintiff's first cause of action alleging violations of the Fourteenth Amendment and the Sixth Amendment. I further recommend that the defendant not be required to answer the "Relevant Case History" allegations (paragraphs 7 through 19) as these allegations are unnecessary. Finally, I recommend that plaintiff's proposed second and third cause of actions be dismissed and the defendant not be required to answer paragraphs 54 through 85, paragraphs 87, 89, and 91.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 4, 2009
Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, et al., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 72.3(a)(3), or with the similar provisions of Local Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 4, 2009
Rochester, New York

11