UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBBIN WHITELAW, formerly known as
ROBBIN EGAN,

       Plaintiff,       DECISION AND ORDER

  -v-

                  04-CV-6626 CJS

JOHN KENNEDY, Assigned Counsel
Administrator, and THE COUNTY
OF ONTARIO,

       Defendants.
_____

APPEARANCES

For Plaintiff:      Robbin Whitelaw, *pro se*
           Box 2113
           Richmond, Kentucky 40476

For Defendant:     Office of the Ontario County Attorney
           Michael G. Reinhardt, Esq.
           Assistant County Attorney
           27 North Main Street, Fourth Floor
           Canandaigua, New York 14424

INTRODUCTION

   This is an action pursuant to 42 U.S.C. § 1983, in which Robbin Whitelaw ("Plaintiff") alleges that Defendant violated her constitutional rights by failing to provide her with an assigned defense attorney in a timely manner, as discussed more fully below. Now before the Court is a Report and Recommendation ("R&R") (Docket No. [#33]), recommending that Plaintiff's motion [#29] to amend her complaint be granted in part and denied in part, and Plaintiff's Objections [#36] to the R&R. For the reasons that follow, the

R&R is modified, the motion to amend is denied, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Unless otherwise noted, the following factual allegations are taken from Plaintiff's proposed amended complaint [#29]. On or about October 9, 2001, Plaintiff was arrested in connection with a felony complaint charging her with one count of Scheme to Defraud, in violation of New York Penal Law ("PL") § 190.65(1) and two counts of Grand Larceny in the Fourth Degree in violation of PL § 155.30. In that regard, Plaintiff was charged with stealing a woman's purse, containing over one thousand dollars in cash, from a nail salon in a shopping mall.[1] A witness saw Plaintiff steal the purse, and the victim's cell phone was found in Plaintiff's apartment.[2] Plaintiff admitted that she had been in the nail salon at the time of the theft, but denied stealing the purse, and suggested that the victim's cell phone had fallen into Plaintiff's purse.[3] Subsequently, a Grand Jury in Ontario County, New York, indicted Plaintiff on three counts of Grand Larceny in the Fourth Degree and one count of Petit Larceny. After a jury trial, Plaintiff was convicted of all charges, and sentenced to six months in jail, five years of probation, and restitution.[4] After exhausting her state-court appeals, Plaintiff commenced a habeas corpus action in this Court, pursuant to 28 U.S.C. § 2254. As part of that action, Plaintiff claimed that her conviction should be overturned,

---

[1] *See, Egan V. Spitzer*, 04-CV-6544 MAT (W.D.N.Y. Jul. 16, 2009), Docket No. [#16], Order of the Honorable Michael A. Telesca, Senior United States District Judge, denying Plaintiff's Habeas Corpus Petition.

[2] Id. at 2-3.

[3] *Id*. at 4.

[4] *Id*. at 4.

because she was "incarcerated for 16 days without representation or assigned counsel," and deprived of preliminary hearing. (*See, Egan v. Spitzer*, 04-CV-6544 MAT, Docket No. [#1], Habeas Petition at 6c). Plaintiff further alleged that she was forced to participate in Ontario County's "Pre-Trial Release Program." (*Id*. at 6c-6d). On July 17, 2009, the Honorable Michael Telesca, Senior United States District Judge, dismissed the habeas petition on the merits. (04-CV-6544 MAT, [#16]).

In this action, Plaintiff again asserts claims arising from some of the same incidents described in her habeas petition. In that regard, on October 9, 2001, Plaintiff was arraigned on the felony complaint in Victor Town Court, and "committed to the Ontario County Jail in lie of bail. (Amended Complaint at ¶ 21). Plaintiff remained in jail until October 25, 2001, when she was released through the "Ontario County Pretrial Release Program." (*Id*. at ¶ ¶ 22-26). During that period, Plaintiff "repeatedly requested the assignment of counsel to represent her." (*Id*. at 23).[5] Specifically, Plaintiff "placed numerous [collect][6] telephone calls to Ontario County Assigned Counsel Administrator John Kennedy [("Kennedy")] to request counsel appointment, but each such [collect] call was rejected by him or his representative." (*Id*. at ¶ 25). There is no indication that Plaintiff actually spoke with Kennedy or with anyone at his office during this period. Subsequently, Plaintiff made requests "orally to jail personnel and in writing in accordance with jail policy."

---

[5]In one of her prior amended complaints, Plaintiff alleged that during her arraignment on the felony complaint, she told the court that she could not afford a lawyer, and the court directed her to contact John Kennedy, the Assigned Counsel Administrator for Ontario County. (Third Amended Complaint [#7] ¶ ¶ 57-58).

[6]See, Third Amended Complaint [#7] at ¶ 60 (Indicating that inmates can only make collect telephone calls from the Ontario County Jail).

With respect to this, Plaintiff alleges that, pursuant to a policy of "the Assigned Counsel Administrator and/or the Ontario County Jail," jail staff would ask inmates if they wanted assigned counsel, and if so, jail staff took the detainee's name and transmitted it to the Assigned Counsel Administrator. Pursuant to that same policy, Plaintiff contends, the Assigned Counsel Administrator would "travel to the Ontario County Jail to personally interview" each inmate requesting assigned counsel. (Amended Complaint ¶ ¶ 43-44). Plaintiff states that she directed such requests to jail personnel only after[7] her attempts to contact the Assigned Counsel Administrator by phone failed, but she does not indicate the date that she first made such request to jail staff. She states, however, that on October 14, 2001, unidentified jail staff told her that her request had been transmitted to the Assigned Counsel Administrator. (Third Amended Complaint [#7] ¶ 63). On October 25, 2001, Plaintiff was released from jail through the Pre-trial Release Program.

Plaintiff maintains that Ontario County is at fault for failing to provide her with an assigned attorney during the period October 9, 2001 - October 25, 2001, and that such failure violated her federal constitutional rights. Additionally, Plaintiff contends that such failure resulted in additional constitutional violations. Most notably, Plaintiff indicates that pursuant to New York Criminal Procedure Law ("CPL") § 180.80, she should have been released from jail on her own recognizance 120 hours after arraignment on the felony complaint. (Amended Complaint at p. 8) ("Defendant . . . caused or allowed Plaintiff to be deprived of her Sixth Amendment right to the appointment of counsel for 17 days, thereby resulting in denial of her statutory right to a timely preliminary hearing pursuant to [CPL]

---

[7] *See*, Third Amended Complaint [#7] ¶ ¶ 61-62.

§ 180.80."). On this point, she maintains that she was prevented from making an application under CPL § 180.80, because she did not have an assigned attorney. (Amended Complaint ¶ 51) ("Plaintiff could not, however, force her statutorily-mandated release on her own recognizance by reason of her not having been appointed counsel to represent her."). Plaintiff further contends that because of her inability to make an application under CPL § 180.80, her rights were further violated, because she was compelled to provide personal information to the Ontario County Pretrial Release Program, in order to be released from jail, and to abide by conditions of release. (Amended Complaint at ¶ 26-27).

On December 23, 2004, Plaintiff commenced this action and applied for permission to proceed *in forma pauperis* ("IFP"). On January 7, 2005, Plaintiff filed an Amended Complaint. On March 8, 2005, the Court granted IFP, and dismissed several of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket No. [#4]). The Court further indicated that the remainder of Plaintiff's claims were subject to dismissal, but it granted her an opportunity to file a second amended complaint. (*Id*.). On March 24, 2005, Plaintiff filed a Second Amended Complaint [#5]). On April 11, 2005, Plaintiff filed a Third Amended Complaint [#7]. The amended complaints purported to state various claims under 42 U.S.C. § 1983, including claims against the prosecutors, investigating police officers, assigned counsel administrator, and the County of Ontario. On November 21, 2005, the Court issued a Decision and Order [#8], dismissing all of the proposed claims, except for the "Fourteenth Amendment claims," consisting of "allegations that she was unlawfully detained following her arrest and or otherwise had her pre-trial liberty restrained

without the requisite procedural protections." (Decision and Order [#8] at 5). The Court dismissed Plaintiff's "privacy" claim, including her claim that she was forced to provide personal information to the pre-trial release program. (*Id*. at 7). As for the "Fourteenth Amendment claim" that was allowed to go forward, the Court construed the claim as having two parts: 1) claim that she was unlawfully detained; and 2) a claim that Ontario County has a policy of "denying indigent criminal defendants access to counsel in order [to] deprive them of the opportunity to assert their entitlement to release." (*Id*. at 8). The so-called Fourteenth Amendment claims were permitted to proceed against Ontario County and John Kennedy, the Administrator of the Assigned Counsel Program. (*Id*. at 9).

Ontario County and Kennedy subsequently filed a motion [#15] to dismiss the complaint, alleging that. it was time-barred by Section 1983's three-year statute of limitations. Defendants did not allege that the complaint failed to state a claim. The Court dismissed the claim against Kennedy as being time-barred, but indicated that there could be an issue of fact as to whether Plaintiff's claim against Ontario County was timely: "[I]t is not clear that the claim is time-barred, since the Complaint does not indicate when Plaintiff became aware, or should have become aware, of the alleged county policy to deny representation to indigent defendants." (Decision and Order [#23] at 6). Consequently, the only claim remaining was Plaintiff's claim that Ontario County violated her constitutional rights by denying her timely representation, pursuant to a policy to deny indigent defendants the services of assigned counsel.

The parties subsequently had the opportunity to conduct discovery. On December 18, 2008, Plaintiff moved [#29] to file a Fourth Amended Complaint. Such motion was

6

untimely, since it was filed three days beyond the court-imposed deadline for such motions. (See, Scheduling Order [#27]). Nevertheless, according to Plaintiff, the proposed amended complaint would "streamline the issues and make less confusing the nature of the causes of action permitted to go forward." (Motion to Amend [#29], Plaintiff's Affirmation, ¶ 10). The proposed fourth amended complaint purports to allege violations of Plaintiff's rights under the "First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution," against Ontario County. The proposed fourth amended complaint contains essentially the same factual allegations as before, and alleges that Defendant violated Plaintiff's Sixth Amendment right to counsel by failing to provide her with an attorney during the seventeen days that she spent in jail, and that such denial prevented Plaintiff from requesting a hearing pursuant to CPL § 180.80. The proposed fourth amended complaint further contends that the County caused Plaintiff to be "subjected to unlawful conditions of her eventual release [through] the Ontario County Pretrial Release Program," in violation of her rights under the "First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution." (*Id*. at p. 11). On this point, Plaintiff maintains that she was entitled to be released from jail on her own recognizance pursuant to CPL § 180.80, that such conditions restricted her freedom, and that "her pretrial release should not have been made contingent on her agreeing to such conditions." (*Id*. at ¶ ¶ 57-58). Plaintiff further alleges that questions posed to her by the Pretrial Release Program violated her rights to privacy. (*Id*. at ¶ ¶ 59-60). Additionally, in her proposed fourth amended complaint, Plaintiff alleges that a conspiracy and policy existed between the Ontario County District Attorney, the Ontario County Probation Department,

and the Ontario County Courts, to violate criminal defendants' rights by "compiling a 'Pre-Plea investigation Report.'" (*Id*. at p. 13). Alternatively, Plaintiff alleges that Ontario County has "knowingly acquiesced to such a policy" between the District Attorney and the Probation Department. (*Id*.). According to Plaintiff, such reports contain "forced inculpatory statements," which prosecutors use against her at her trial. (*Id*. at ¶ ¶ 79-80). The proposed fourth amended complaint demands, *inter alia*, one million dollars in damages.

On September 4, 2009, the Honorable Jonathan W. Feldman, United States Magistrate Judge, issued the subject R&R [#33], recommending that the Court grant Plaintiff's motion to amend in part, and deny it in part. The Report and Recommendation found that the second and third causes of action in the proposed fourth amended complaint were merely re-statements of claims that the Court had already dismissed, and that amendment should therefore be denied as to those causes of action. However, the Report and Recommendation indicated that amendment should be allowed as to the first claim, since it merely asserted new legal theories, involving the Sixth and Fourteenth Amendments, based on the same factual allegations as the prior complaint, and since Defendant would not be prejudiced by the amendment.

On November 17, 2009, Plaintiff filed objections to that portion of the R&R which recommended that her motion be denied in part.

DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 72(b)(3) states, in pertinent part, that when addressing objections to an R&R,

8

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FRCP 72(b)(3).

It is well-settled that "[l]eave to file an amended complaint shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); internal quotation marks omitted). In considering whether a proposed amendment would be futile, "the appropriate legal standard is whether the proposed complaint fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard." *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F.Supp.2d 121, 124 (S.D.N.Y. 2009).

As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)

("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.), *rev'd on other grounds, Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Moreover, where the plaintiff is proceeding *pro se*, the Court is required to construe her submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

In this case, the application of the foregoing legal standards requires the Court to deny Plaintiff's application to amend on the grounds that such amendment would be futile. Additionally, upon further review of Plaintiff's pleadings, the Court *sua sponte* revisits its earlier decisions and finds that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. *See, Peterec-Tolino v. New York*, No. 08-4732-cv, 2010 WL 445643 at *1 (2d Cir. Feb. 8, 2010) ("Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), [where a plaintiff proceeds *in forma pauperis*,] a complaint may be dismissed 'at any time' if the court determines that the action fails to state a claim on which relief may be granted. While we understand why Appellant might feel aggrieved at the

district court's dismissal of his complaint *sua sponte* without awaiting the defendants' response, such an action is permissible if the complaint fails to state a claim for relief.") (citation omitted).

At the outset, the Court notes that the motion to amend could be denied because it was untimely filed, if for no other reason. More importantly, the proposed amendments, and Plaintiff's entire case, lack merit. Essentially, Plaintiff's case boils down to the fact that she remained in jail for a total of seventeen calendar days before she was granted pre-trial release. Plaintiff blames this period of confinement on Ontario County's Assigned Counsel Program. In that regard, Plaintiff maintains that the existing policy was for pre-trial detainees to notify jail staff that they needed assigned counsel, and the jail would convey the request to the Assigned Counsel Program. Plaintiff, however, did not follow this procedure, at least not initially. Instead, Plaintiff made several attempts to contact the Assigned Counsel Coordinator directly by telephone, but his office declined to accept collect telephone calls from the jail. It is unclear how long Plaintiff waited before making a request to jail staff, however, she indicates that it was October 14th, the fifth day of her stay in jail, that staff notified her that her request had been conveyed to the Assigned Counsel Administrator. Thereafter, Plaintiff spent an additional ten or eleven days in jail before being released.

At most, these facts suggest that the Assigned Counsel Administrator was slow in arranging for assigned counsel to represent Plaintiff. Plaintiff, though, contends that the delay occurred because Ontario County has a policy of denying assigned counsel to indigent criminal defendants. However, she makes only a naked, conclusory allegation in

that regard. Such a conclusory allegation of a municipal policy is insufficient to state a claim:

> [Plaintiff] does not provide any facts in support of his conclusory allegation [that] the City's failure to properly train and supervise police officers amounts to a custom or policy, or that this custom or policy caused [his] injuries. . . . Simply, bald assertions and conclusions of law do not prevent the dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6).

*Oparaji v. City of New York*, 152 F.3d 920, 1998 WL 432988 at *1 (2d Cir. Apr. 21, 1998) (Unpublished; citations and internal quotation marks omitted). Plaintiff has not stated any facts to support her allegation that such a policy existed. Consequently, Plaintiff has not stated a plausible claim concerning a county policy to deny indigent defendants assigned counsel.

Additionally, Plaintiff insists that the delay in receiving the assistance of assigned counsel prevented her from making a CPL § 180.80 application. (Amended Complaint ¶ 51) ("Plaintiff could not, however, force her statutorily-mandated release on her own recognizance by reason of her not having been appointed counsel to represent her."). However, that contention is incorrect, since Plaintiff could have made a *pro se* request to be released on her own recognizance pursuant to CPL § 180.80.

This case has been pending for more than five years, and Plaintiff has had multiple opportunities to state a plausible claim. Nevertheless, she has failed to do so. In hindsight, this action should have been dismissed long ago. The only reason that it was not dismissed sooner is that the Court did not fully understand Plaintiff's theory. Having conducted a more thorough review of the docket in preparation for ruling upon Plaintiff's objections to the R&R, the Court is satisfied that Plaintiff has not stated a claim on which

relief may be granted. Consequently, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, the Report and Recommendation [#33] is modified, Plaintiff's motion to amend [#29] is denied, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and FRCP 12(b)(6). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:    April 28, 2010
           Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge